Kinsey C. J.
In the case argued yesterday 1 was from tíre first forcibly struck with the apparent severity and oppressiveness of proceeding by attachment and action for the name *396 remedy at the same time; — and reflection has fully confirmed. me jn the opinion that it is wrong.
Cases were cited by the Counsel for the prosecution, from which it was attempted to infer by analogy that there was nothing objectionable in these proceedings, but they did not strike me as clearly applicable. There is no question but that a mortgagee may proceed in three different modes, either singly or together, but all diverso intuitu-. — on the bond for the money, — by ejectment for the land, — or by bill in equity to foreclose the equity of redemption. The case would have been analogous if the Counsel had proved that he might proceed by debt and covenant on the bond. The general rule is, that if two actions are brought for the same duty, both shall abate; and it is immaterial whether or not the declaration is filed.
There is a case reported in Andrews 299, more analogous to the present than that just referred to, in which it was held by the court that a party having elected to bring an action on an award, cannot have an attachment for non-performance of it, without discontinuing the action, (a)
Upon the whole, as the oath of the party is conclusive in this case, as proceedings in ejectment are particularly under the direction of the Court, and it forcibly strikes me that this double proceeding is vexatious and oppressive, I am for discharging the defendant. If the action for the costs is discontinued, the prosecutors may then perhaps proceed in this manner with propriety. We cannot in this collateral way determine, whether the action for the costs in another court is a legal or illegal proceeding, the question is not properly before us.
Smith J. Concurred.
Chetwood J.
Where a party has two legal modes of proceeding for the same remedy he should make his election and ought not to be permitted to pursue both at the same time. But in this case where there is only one legal procedure and *397 that by attachment, no action being maintainable for these costs, the plaintiff ought not to be thus barred. The case in Wilson is decisive in my mind that the action is erroneous; it is therefore to be considered as a nullity. I am of opinion that We should be committed.
Defendant discharged-

 Note. See Hall v. Mister. 1 Salk. 84. Stock v. Huggens Hardw. 98. Badley v. Loveday l Bos. & Pull. 81. accord. 1 Salk, 73. contra.